MERCANTILE CO-OPERATIVE BANK v. PAUL FROST, Jr.

Argued June 8, 1898—Decided November 7, 1898.

1. A declaration which alleges that the defendant represented himself to the plaintiff's debtors to be authorized by the plaintiff to collect the debts and thereby received from the debtors divers sums of money, and afterwards, on request of the plaintiff, failed to pay to the plaintiff the amount of those sums, does not set forth facts sufficient to maintain an action in tort.

2. If, in an action in tort, the declaration states only such facts as amount to a breach of contract, express or implied, the declaration is demurrable.

On demurrer to the declaration.

Before Justices DIXON, LUDLOW and COLLINS.

For the plaintiff, *Robert H. McCarter.*

For the defendant, *William D. Daly.*

The opinion of the court was delivered by

DIXON, J.  In an action of tort the plaintiff's declaration averred that the defendant, knowing that divers persons were indebted to the plaintiff in divers sums of money, payable in weekly installments, and claiming to be duly authorized by the plaintiff to collect and receive from said persons the said weekly installments, and representing himself to said persons to be so authorized, did on divers days collect and receive for the said plaintiff from said persons divers sums of money, amounting in all to a large sum of money, to wit, the sum of $1,000; by reason whereof it became and was the duty of the defendant to pay over and deliver to the plaintiff the said sum of $1,000, when he should be thereunto afterwards requested; yet the said defendant, though often requested so to do, had not paid over to the plaintiff the said sum of money, but had wrongfully and fraudulently converted and disposed of said money to his own use.

On this the defendant demurred, insisting that the form of the action should have been *ex contractu* and not *ex delicto.*

If the declaration be thus erroneous, the demurrer is sustained. *Flanagan* v. *Camden Mutual Insurance Co.,* 1 *Dutcher* 506 ; *Gregory* v. *Thomson,* 2 *Vroom* 166.

The declaration is to be construed, where doubtful, against the plaintiff. *Stephens & Condit Transportation Co.* v. *Central Railroad Co.,* 4 *Vroom* 229. In this sense it does not allege that the defendant, when he collected the installments, was the agent of the plaintiff, nor does it state any fact which made it the duty of the defendant to pay over to the plaintiff the very money which he received from the plaintiff's debtors. Without such facts the mere allegation of a duty to do so is unimportant, for "where the *gravamen* of an action is the defendant's failure to perform a duty, the declaration must allege the facts from which the legal liability results, and the pleading is bad in substance if the duty does not in all cases result from the facts stated in it." *Rader* v. *Township of Union,* 14 *Id.* 518. Unless the defendant was the plaintiff's agent, his false pretence of agency made to the persons from whom he collected money was tortious against them, but in no way affected the plaintiff. The act set out in the declaration which brought into existence any right in the plaintiff was its request that the defendant pay to it, not the specific moneys received by him, but the sum to which those moneys amounted. By such request the plaintiff adopted the defendant's act as though it had been the act of an agent, and at once there arose an indebtedness on the part of the defendant to the plaintiff for so much money as he had received and an implied *assumpsit* to pay that debt. His failure to do so was not a tort.

Although the declaration alleges that the defendant had wrongfully and fraudulently converted and disposed of the said sum of money to his own use, yet this must be understood as referring to the conversion of the moneys collected from the plaintiff's debtors and belonging to them, for on the facts stated such conversion was wrongful and fraudulent.

while there are no circumstances set forth to warrant a conclusion that the defendant converted any money belonging to the plaintiff. To hold otherwise would be to say that after an act had been committed which was a tort against third persons, but was innocent as to the plaintiff, the latter could transform the act into a tort against itself, and that by a mere request. We think there is no legal principle which countenances such a transfer of wrong.

If the declaration had alleged that when such request was made the defendant still had in his possession the very money which he had received, it might then have sufficiently set forth facts which created a duty in the defendant to deliver that specific money to the plaintiff, and a refusal or neglect to do so would have supported an averment of the conversion of the plaintiff's money, but no such allegation appears.

We are therefore of opinion that an action in tort cannot be maintained, and the defendant is entitled to judgment on the demurrer.